UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

ATG MUSICALS, LLC, Michigan limited liability company,

Plaintiff,

v.

CALIFORNIA MUSIC & ARTS CONSORTIUM, TGA LLC, d/b/a Hiit Haus, XIAO HU, and SEBASTIAN JUDE,

Defendants.

Case No.
Hon.
Magistrate Judge

---

## COMPLAINT

### Demand For Jury Trial

Plaintiff ATG Musicals, LLC ("ATG Musicals") states as follows for its complaint against Defendants California Music & Arts Consortium ("CAMAC"), TGA LLC, d/b/a Hiit Haus, Xiao Hu and Sebastian Jude (collectively, "Defendants"):

### Parties, Jurisdiction, and Venue

1. ATG Musicals is a Michigan limited liability company with its principal place of business in Bloomfield Hills, Michigan. Its sole member is Ashwin Ganesan, who resides in Bloomfield Hills, Michigan.

2. CAMAC is a California corporation whose principal place of business is 250 E. Olive Ave., Ste. 202A, Burbank, CA 91502.

3. TGA LLC, d/b/a Hiit Haus ("Hiit Haus") is a purported Delaware limited liability company whose principal place of business is 250 E. Olive Ave., Ste. 202A, Burbank, CA 91502.

4. Defendant Sebastian Jude ("Jude") is an individual whose principal place of business is 250 E. Olive Ave., Ste. 202A, Burbank, CA 91502.

5. Defendant Xiao Hu ("Hu") is an individual whose principal place of business is 250 E. Olive Ave., Ste. 202A, Burbank, CA 91502.

6. Defendants Hu and Jude do business as TGA LLC, d/b/a Hiit Haus.

7. This Court has original subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions to the claim occurred in Michigan as Defendants contacted ATG Musical in the Eastern District of Michigan, made fraudulent representations to ATG Musical in the Eastern District of Michigan, wrongfully obtained funds from ATG Musical from its account in the Eastern District of Michigan, and failed to provide some of the services under the party's contract in the Eastern District of Michigan.

## Factual Allegations

9. Hu is the Chief Executive Officer, Secretary, and Chief Financial Officer of CAMAC.

10. Jude is the Chief Operating Officer of CAMAC.

11. Jude and Hu are in a business partnership in which they hold themselves out to the public as doing business under the name of TGA LLC and Hiit Haus.

12. CAMAC holds itself out to the public as the producer of Hiit Haus.

13. Defendants conduct business around the world, including in the state of Michigan.

14. Defendants claim to be "actively involved in international music production & distribution, art event production, content marketing, media licensing, talent management, TV & film development, financing & production, lifestyle and sustainability development."

15. ATG Musicals is the production company for Ashwin Gane, a Detroit-area musician, rapper, producer, vocalist, and songwriter.

16. In the fall of 2023, Defendants approached ATG Musicals's representative, Tel Ganesan, offering to provide marketing, consulting, and other promotional services to ATG Musicals that included TikTok/Instagram production, analytics, distribution optimization, cross-pollination, HiitHaus participation and showcases, and influencer campaigns and podcasts.

17. Defendants further represented to Tel Ganesan that Ashwin Gane would be able to stay at a house in Los Angeles for four weeks during which Defendants would promote Ashwin Gane by paying influencers to also stay at the house and post content to encourage their followers to view his work.

18. Defendants had no intention of paying influencers to stay at the house when they made this representation to ATG Musicals.

19. In early January 2024, Defendants provided a proposed contract to ATG Musicals.

20. On January 23, 2024, to induce ATG Musicals to enter into the contract, Hu sent an email in which he represented that Defendants have "big signed/in-network influencers that we can use," among other things.

21. Hu repeated these representations in telephone conversations on January 26 and 29, 2024, and further indicated that these influencers would be present during Ashwin Gane's stay at the house.

22. When these representations were made, Defendants did not have "signed/in-network influencers" available for their use at the house.

23. Based on these false representations, ATG Musicals executed a Service Agreement dated February 3, 2024, a copy of which is attached as **Exhibit A**, in which Defendants agreed to provide certain services in exchange for payments by ATG Musicals.

24. The Service Agreement states that TGA LLC is "a Delaware corporation with its main office located at 250 E Olive Ave Suite 202A Burbank, CA 91502."

25. Defendants provided an invoice from TGA LLC for the initial payment in the amount of $150,000 under the Service Agreement and a W-9 for TGA LLC.

26. TGA LLC is not a Delaware or California corporation and is not authorized to do business in Delaware, California, or Michigan.

27. When it executed the Service Agreement, ATG Musicals did not know that TGA LLC was not a Delaware corporation that was not authorized to do business in Delaware, California, or Michigan.

28. ATG Musicals made the initial payment amount of $150,000 under the Service Agreement by wiring funds to a Bank Account purportedly owned by TGA LLC.

29. The Service Agreement required TGA LLC to perform certain services set forth in Exhibits A and B of the Service Agreement (the "Services").

30. While Defendants allowed Ashwin Gane to stay at the house, it utterly failed to provide the Services under the Service Agreement.

31. There were no "big signed/in-network influencers" at the house during Ashwin Gane's stay.

32. In fact, there were no "signed/in-network influencers" or paid influencers present at the house during the stay.

33. Moreover, the staff and vendors at the house were unpaid and demanded payment from ATG Musicals.

34. ATG Musicals paid the staff and vendors $15,000.

35. Defendants further did not meet any of the Services outlined in the Service Agreement.

36. On March 23, 2024, ATG Musicals notified Defendants of their failure to provide the Services and demanded a refund.

37. After ATG Musicals demanded a refund based on Defendants' failure to perform, Defendants recognized their failures and offered to modify the Service Agreement by agreeing to "deliver 3.75M views, utilizing videos we took at HiitHaus and mutually agreed upon videos moving forward (we'll have the kids repost and share, etc)" in exchange for the initial $150,000 payment. A copy of this offer is attached as **Exhibit B**.

38. After working out some additional details regarding deliverables, the parties memorialized the modification in an addendum dated July 10, 2024 (the "Addendum"), a copy of which is attached as **Exhibit C**.

39. Under the Addendum, Defendants agreed to provide the following services (the "Addendum Services") no later than October 31, 2024 for in-person activities and no later than June 3, 2025 for the other deliverables:

a. Ashwin will live at HiitHaus for (4) FULL (ADDITIONAL) WEEKS.
   i. No later than October 31, 2024, and as early as July 21st.
b. *In lieu of Brand activations/showcases*, Party B will deliver an additional eight (8) posts.
c. For clarity, including original deliverables mentioned in Exhibit B and including 3(b) of this addendum, the total deliverables are:
   i. Sixteen (16) total collab posts delivered and curated by Hiithaus
   ii. Twelve (12) live streams with other creators. These curated/organized live streams intend to achieve measurable KPIs to be aggregated towards the total deliverables.
d. Party B shall deliver a minimum KPI of 3.75M views as *pro rata* to fees (previously) collected and may deliver up to 5M views.
   i. KPI will be achieved utilizing videos taken at HiitHaus and mutually agreed upon videos moving forward.

40. Defendants did not provide an opportunity for Ashwin to "live at HiitHaus" between July 21, 2024 and October 31, 2024.

41. Defendants did not provide any of the other Addendum Services by June 3, 2025.

42. In fact, even though ATG Musicals repeatedly asked Defendants to either perform the Addendum Services or refund the initial payment, Defendants never performed any Addendum Services.

43. Defendants refused to refund the initial payment.

44. ATG Musicals demanded mediation as a condition precedent to filing this action.

45. The parties participated in the mediation, but the matter did not settle.

**Count I – BREACH OF CONTRACT**

46. ATG Musicals incorporates by reference the allegations in preceding paragraphs of this Complaint.

47. Defendants and ATG Musicals entered into the Services Agreement and Addendum under which Defendants agreed to provide the Services and Addendum Services to ATG Musicals.

48. ATG Musicals paid Defendants $150,000 in accordance with the parties' agreement.

49. Defendants failed to perform the Services and Addendum Services.

50. Defendants' failure to perform the Services and Addendum Services constitutes a material breach of the Service Agreement and Addendum.

51. As a result of Defendants' material breach of the Service Agreement and Addendum, ATG Musicals has been damaged.

**Count II – FRAUD AND CIVIL CONSPIRACY TO COMMIT FRAUD**

52. ATG Musicals incorporates by reference the allegations in preceding paragraphs of this Complaint.

53. Defendants knowingly and intentionally agreed and acted in concert to induce Plaintiff to enter into the Service Agreement through false and fraudulent representations concerning TGA LLC's existence and its capabilities to provide the Services.

54. In furtherance of their common plan, Hu and Jude represented to Plaintiff that TGA LLC existed as an entity in many emails and telephone calls from September 2023 through February 3, 2024, including in the Agreement itself.

55. These representations were false because TGA LLC did not exist at the time the representations were made and does not exist.

56. Hu and Jude further made false representations regarding Defendants' capabilities during this time.

57. Specifically, on January 23, 2024, Hu sent an email in which he represented that Defendants have "big signed/in-network influencers that we can use," among other things.

58. Hu repeated these representations in telephone conversations on January 26, 2024 and January 29, 2024, and further indicated that these influencers would be present during Ashwin Gane's stay at the house.

59. These representations were false when they were made.

60. Defendants, through Hu, made these false representations to induce ATG Musicals into entering the Agreement.

61. At the time these representations were made, Defendants knew they were false and intended that ATG Musicals rely upon them.

62. Each Defendant had knowledge of the fraudulent purpose of the common plan and knowingly and intentionally participated in its implementation.

63. ATG Musicals reasonably relied upon the fraudulent representations and, as a result, entered into the Agreement and paid Defendants $150,000 to the bank account identified by Defendants as belonging to TGA LLC, a non-existent entity.

64. Moreover, there were no “big signed/in-network influencers” at the house when Ashwin Gane stayed there.

65. As a direct and proximate result of Defendants' fraudulent conduct, ATG Musicals sustained damages, including but not limited to:

a. Amounts paid to Defendants in reliance upon their fraudulent representations;

b. Amounts paid to contractors, vendors, and other third parties to satisfy obligations that were Defendants' responsibility and to prevent the failure of the Hiit Haus project;

c. Costs and expenses incurred in reliance upon Defendants' representations and in furtherance of the parties' contemplated business arrangement;

d. Additional expenses reasonably incurred to preserve the project, mitigate damages, and protect ATG Musicals’'s financial interests;

e. Lost business opportunities and profits, to the extent established with reasonable certainty and recoverable under applicable law; and

f. Damages to ATG Musicals's reputation and brand.

66. Defendants are jointly and severally liable for the damages caused by the fraudulent conduct undertaken in furtherance of their common plan.

**Count III – UNJUST ENRICHMENT**

67. ATG Musicals incorporates by reference the allegations in preceding paragraphs of this Complaint.

68. Under Service Agreement, Defendants were responsible for retaining and compensating contractors and other service providers performing work at the Hiit Haus property during Ashwin Gane's stay there.

69. Defendants failed to satisfy their financial obligations to certain contractors and service providers, thereby jeopardizing the continued operation and success of the Hiit Haus project.

70. To prevent the project from failing and to protect its own contractual and financial interests, ATG Musicals paid $15,000 to certain contractors and service providers directly, notwithstanding that responsibility for those payments rested with Defendants.

71. By making these payments, ATG Musicals satisfied Defendants' financial obligations thereby conferring a substantial financial benefit upon Defendants.

72. ATG Musicals made these payments to preserve the project and mitigate its potential losses, not as a gift or with the intention of relieving Defendants of their financial obligations.

73. Defendants received and retained the benefits of ATG Musicals's payments without reimbursing ATG Musicals.

74. Under the circumstances, it would be unjust and inequitable to permit Defendants to retain the benefits of ATG Musicals's payments without compensating ATG Musicals for the expenses incurred on their behalf.

**Demand for Relief**

ATG Musicals requests this Court enter judgment in its favor against Defendants, jointly and severally, in an amount in excess of $75,000, together with interest, costs, attorney fees, and all other relief, including exemplary and punitive damages, that this Court deems just and proper.

/s/ Brian C. Summerfield (P57514)
Schenk & Bruetsch PLC
211 West Fort Street, Suite 1410
Detroit, Michigan 48226
(313) 774-1000
Brian.Summerfield@SBDetroit.com
Attorney for Plaintiff ATG Musicals